## TROY AND GREENFIELD RAILROAD COMPANY *vs.* HERVEY C. NEWTON.

In an action brought by a railroad corporation on Rev. Sts. *c.* 39, § 53, to recover of a stockholder, whose shares had been duly sold, for non-payment of assessments, for less than sufficient to pay the same, the amount of the deficiency, the plaintiffs were ordered by the court "to file a copy of the contract of subscription for stock on which said action was brought," and accordingly filed a copy of a written contract of subscription, and the court ordered the copy so filed to be made part of the record. *Held*, that this action was not brought on the contract of subscription; that said contract was inadver tently made part of the record; and that the omission in the declaration to allege performance of the conditions precedent of said contract could not be taken advantage of by demurrer.

ACTION OF CONTRACT.   The declaration alleged "that the defendant subscribed in legal form for two shares of the capital stock of said corporation, (said capital stock being in shares of one hundred dollars each,) and thereby became a stockholder to said amount; that the president and directors of said corporation from time to time made certain equal assessments on all the shares in said corporation;" (which assessments were specified in the declaration, including three, of ten dollars a share each, on the 6th of November and 4th of December 1851, and the 5th of February 1852;) and directed the same to be paid to their treasurer.   The declaration then set forth notice by the treasurer of the assessments, the neglect of the defendant to pay for the space of thirty days, and the sale of his shares by public auction by the treasurer, by order of the directors and after due notice, for less than sufficient to pay the assessments thereon; and alleged that the defendant owed the plaintiffs the amount of the deficiency.

At the first term, the defendant filed an answer to the merits. And the court of common pleas, on the motion of the defendant, ordered the plaintiffs "to file with the clerk a copy of the contract of subscription for stock on which said action was brought;" and the plaintiffs, pursuant to this order, filed a copy of a contract of subscription, whereby the defendant, among others, agreed to take two shares in the corporation, on certain terms and conditions, one of which was that not more than

twenty five per cent. of the amount subscribed should be assessed within any three months. And the contract, so filed, was made a part of the record, by order of the court.

The defendant, at a subsequent term, demurred to the declaration, and assigned for cause, " that it does not state a legal cause of action substantially in accordance with the rules contained in the act of 1852, *c.* 312. 1st. The contract of subscription is not declared on, and being conditional, the conditions are not set forth, and being conditions precedent, they are not averred to have been performed by the plaintiffs, or any excuse for nonperformance stated. 2d. One of the conditions of said subscription was that not more than twenty five per cent. of the amount subscribed should be assessed within any three months ; whereas the declaration avers that thirty per cent. of the amount subscribed was assessed within three months, viz. on Nov. 6th and December 4th 1851, and February 5th 1852, and this was a condition precedent necessary to be performed before bringing said action. So that the facts stated in said declaration do not in point of law support the action."

The court of common pleas, *Bishop,* J. presiding, overruled the demurrer, and the defendant appealed.

*C. P. Huntington & W. Griswold,* for the defendant. The averment in the declaration, "that the defendant subscribed in legal form for two shares," imports that he signed his name to a contract in writing. That contract is the foundation of the action, and as such was ordered by the court of common pleas to be filed and to be made part of the record, pursuant to *St.* 1852, *c.* 312, § 2, *cl.* 9, which provides that in any action on a written instrument, " if the whole contract shall not be set out, a copy thereof, or the original, shall, on motion of the adverse party, be filed, as the court shall direct; and where it may be necessary, the copy so filed shall be part of the record, if the court shall so order, as if oyer had been granted of a deed declared on according to the common law." And no exception was taken by the plaintiff to either of these orders. The declaration therefore should aver performance of the conditions precedent of the written contract of subscription. *St.* 1852, *c.* 312, § 2, *cl.* 10.

46 *

Gould Pl. *c.* 4, § 7.    *Drowne* v. *Stimpson,* 2 Mass. 441.    *Soper* v. *Harvard College,* 1 Pick. 177.    *Williams* v. *Hingham &amp; Quincy Bridge &amp; Turnpike,* 4 Pick. 341.    *Hall* v. *Bumstead,* 20 Pick. 2.    *Bath* v. *Freeport,* 5 Mass. 325.    *Spieres* v. *Parker,* 1 T. R. 141.    *Bartlett* v. *Crozier,* 17 Johns. 456.

.If the plaintiffs count upon the Rev. Sts. *c.* 39, § 53, they should have averred that the number of shares in the corporation had been determined by the directors thereof.    *Worcester &amp; Nashua Railroad* v. *Hinds,* 8 Cush. 110.    Section 4 of plaintiffs' act of incorporation, *St.* 1848, *c.* 307.

*D. W. Alvord,* for the plaintiffs.

THOMAS, J.    This demurrer cannot be sustained.    The copy was inadvertently made part of the record.    The action is not brought upon the contract of subscription.    Indeed, the very first ground taken in demurrer is, " that the contract of subscription is not declared on."    It is plain that it was not meant to. be.    The declaration is founded upon the provisions of the Rev. Sts. *c.* 39, § 53.    This is not an action to recover the assessments made upon shares, but to recover the deficiency after a sale of shares under the provisions of the statute for failure to pay the assessments laid.    The liability to the suit, if any exists, is one created by statute, not by contract.    The plaintiffs aver, that the defendant by subscription became a stockholder, that he did not pay the assessments made upon his shares, that they were sold under the provisions of the statute, and that under those provisions he is liable for the deficiency.

It is a good defence to say, that his subscription was a conditional one, that the conditions were never performed by the company, and that therefore he never became a stockholder, and therefore is not liable for any deficiency existing after the sale of stock under the statute.    But on demurrer, which admits the facts stated in the declaration, this question is not open. If the defendant intended to avail himself of this defence, he should have set it up in his answer.    As the action itself is not brought upon the written contract of subscription, the provisions of the ninth and tenth clauses of the second section of the statute of 1852, *c.* 312, do not apply to it.

The objection, that the declaration does not aver that the directors of the plaintiff corporation fixed the number of shares, was not taken in the demurrer, and was not open upon the argument.

The court have not passed upon the question, whether this demurrer could be taken after an answer to the merits had been filed, nor upon the right of appeal from a decision of the court of common pleas upon a demurrer filed under the second clause of the statute of 1852, c. 312, § 21. These points were not taken, and have not been considered.

*Demurrer overruled.*